1

2

3

4

5

6                         UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
7                                  AT SEATTLE

8    TODD C.,

                            Plaintiff,              CASE NO. C22-5198-BAT
9
        v.                                          **ORDER AFFIRMING THE**
10                                                  **COMMISSIONER'S DECISION**
     COMMISSIONER OF SOCIAL SECURITY,
11
                            Defendant.
12

13        Plaintiff appeals the ALJ's March 2021 decision finding disability ended on August 1,

14   2015. Dkt. 8 at 4-6. For the reasons below, the Court **AFFIRMS** the Commissioner's final

15   decision and **DISMISSES** the case with prejudice.

16                                  **BACKGROUND**

17        In March 2018, Plaintiff applied for benefits, alleging disability as of February 13, 2014.

18   Tr. 332-38. The ALJ held a hearing in September 2019, Tr. 37-60, and issued a decision finding

19   Plaintiff disabled from February 13, 2014, through July 4, 2018, but not thereafter. Tr. 128-43.

20   The Appeals Council granted review of this decision and remanded for further proceedings.  Tr.

21   151-53. On remand, the ALJ conducted another hearing in February 2021, Tr. 61-92, and issued

22   a decision in March 2021 finding Plaintiff disabled from February 13, 2014, through August 1,

23   2015, but not thereafter. Tr. 16-29. The Appeals Council denied Plaintiff's request for review,

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

1    making the ALJ's 2021 decision the Commissioner's final decision. Tr. 1-6. Plaintiff now

2    appeals the ALJ's 2021 decision.

3                                          **DISCUSSION**

4            Plaintiff's opening brief raises one issue: "Whether the ALJ's Finding of not disabled

5    from August 2, 2015, and beyond is supported by substantial evidence." Dkt. 8 at 2. This does

6    not clearly identify reversible error as the Commissioner notes in response. Dkt. 9 at 2. The

7    Commissioner submits Plaintiff appears to argue the ALJ erred in finding the opinions of Robert

8    Thompson, M.D. a testifying medical expert ("ME") to be persuasive, and misevaluated the

9    opinions of treating physician Robert Lang, M.D. *Id.*

10           Turning first to Dr. Lang, Plaintiff contends the doctor is a "treating source" who made

11   objective findings in a November 2016 examination that are consistent with symptoms Plaintiff

12   suffered, and also opined in December 2018 Plaintiff could sit, stand, or walk for 6 hours in an 8-

13   hour day. Dkt. 8 at 6. This argument implies the ALJ erred by failing to account for all the

14   limitations assessed by Dr. Lang. However, in the November 2016 report, Dr. Lang indicated

15   while Plaintiff cannot return to the work "at the job of injury," "[he] has been found capable of

16   working full-time in a light duty capacity." Tr. 1604. The ALJ adopted this assessment by

17   finding Plaintiff has the RFC to perform light work, Tr. 24, and cannot perform past relevant

18   work, at the medium level. Tr. 28. The Court concludes the ALJ did not err in assessing this

19   opinion.

20           As to Dr. Lang's December 2018 opinion that Plaintiff can lift or carry 20 pounds

21   occasionally and 10 pounds frequently, and can stand or walk and sit for six hours each in an

22   eight-hour workday (but would need the option to change positions between sitting and standing

23   every 45 minutes), the ALJ adopted these limitations in determining Plaintiff has the RFC to

1  perform light work. Tr. 24. The Court concludes the ALJ adopted Dr. Lang's opinions that

2  Plaintiff can perform light work and incorporated those opinions in determining RFC and in the

3  hypothetical questions posed to the vocational expert. Plaintiff carries the burden to show the

4  ALJ harmfully erred and failed to do so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

5  The Court accordingly affirms the ALJ's evaluation of Dr. Lang's opinions.

6       Plaintiff also argues the ALJ erred by giving weight to the opinions of Dr. Thompson,

7  who also opined Plaintiff could perform light work. Even assuming the ALJ so erred, the error is

8  harmless because the ALJ's decision, as discussed above, properly incorporates Dr. Lang's

9  opinion that Plaintiff can perform light work in the RFC determination and in making a step five

10  finding. The Court notes the ALJ also found persuasive the opinions of  Derek Leinenbach, M.D.

11  who examined Plaintiff in 2018 and opined, as did Dr. Lang in 2018, that Plaintiff could stand,

12  walk, sit 6 hours in an 8-hour day, and could lift/carry no more than 20 pounds occasionally and

13  10 pounds frequently. Tr. 26-27. The Court accordingly concludes any potential error the ALJ

14  made in assessing Dr. Thompson's opinions is harmless because there remains substantial

15  evidence supporting the ALJ's conclusion that Plaintiff has the RFC to perform light work and

16  the error does not negate this conclusion. *See e.g. Carmickle v. Comm'r  Soc. Sec. Admin.*, 533

17  F.3d 1155 (9th Cir. 2008).

18                                        **CONCLUSION**

19       For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is

20  **DISMISSED** with prejudice.

21       DATED this 30th day of August, 2022.

22

23
                          _____
                          BRIAN A. TSUCHIDA
                          United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4